**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BILLY BRUCE CAPELL, JR.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No. 3:14-CV-4558-BK |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **ACTING COMMISSIONER OF** | § | |
| **SOCIAL SECURITY,** | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION

Pursuant to the parties' consent to proceed before the magistrate judge, Doc. 17, this case has been transferred to the undersigned for final ruling. The Court now considers Plaintiff's *Motion for Summary Judgment*, Doc. 23, and Defendant's *Motion for Summary Judgment*, Doc. 24. For the reasons that follow, Plaintiff's *Motion for Summary Judgment* is **DENIED**, Defendant's *Motion for Summary Judgment* is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

Plaintiff, who was born on September 10, 1966, was 46 years old at the time of the ALJ's decision. Doc. 14-6 at 5. Plaintiff filed an application for disability benefits on September 14, 2011, due to impairments he contends became disabling on June 29, 2010. Doc. 14-6 at 3; Doc. 14-7 at 2.

Plaintiff's application was initially denied on March 9, 2012, and denied upon reconsideration on May 17, 2012. Doc. 14-5 at 3-7, 9-11. Plaintiff requested a hearing before an administrative law judge (ALJ) and that hearing was held on August 2, 2013. Doc. 14-3 at 44. At the hearing, Plaintiff, appearing without a legal representative, testified, as did a vocational

expert.  Doc. 14-3 at 60.

The ALJ issued a decision on August 28, 2013, finding that Plaintiff had the severe impairments of severe degenerative joint disease of bilateral knees status post history of right knee arthroscopic surgery and high tibia osteotomy, and cervical disc disease.  Doc. 14-3 at 16. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the criteria of any listed impairment.  Doc. 14-3 at 19.  Overall, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform sedentary work that does not include climbing ladders, ropes and scaffolds, and only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching and crawling.  Doc. 14-3 at 19.  The ALJ found that Plaintiff is unable to perform any past relevant work, but is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  Doc. 14-3 at 23-24.  Because the ALJ believed Plaintiff was capable of performing other work in the national economy, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act.  Doc. 14-3 at 24

Following the ALJ's decision, Plaintiff presented the opinion letter of Dr. Oleq Zhukovskiy, M.D., as additional evidence to the Appeals Council.  Doc. 14-3 at 5.  Dr. Zhukovskiy's opinion letter conflicts with the ALJ's determination of Plaintiff's work abilities and concludes that Plaintiff suffers from cervical degenerative joint disease with radiculopathy, knee problems, right upper extremity problems due to chronic ulnar neuropathy, medication side effects and that he is both disabled and unemployable.  Doc. 14-9 at 141.  On October 31, 2014, the Appeals Council noted that it had considered the additional evidence, but concluded the information did not provide a basis for changing the ALJ's decision.  Doc. 14-3 at 2.

## II.    APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months.  42 U.S.C. § 423(d)(1)(A).  The Commissioner uses the following sequential five-step inquiry to determine whether a claimant is disabled: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing his past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if any other work can be performed.  *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled.  *Id.*  If the claimant satisfies his or her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence.  *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence.  *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion.  *Leggett*, 67 F.3d at 564.  Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present.  *Greenspan*, 38 F.3d at 236.

### III.    ARGUMENT AND ANALYSIS

A. *Whether the ALJ's RFC Findings are Supported by Substantial Evidence*

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence.  Doc. 23-1 at 3.  Specifically, Plaintiff maintains that the ALJ failed to include all limitations relating to Plaintiff's impairments including, but not limited to, Plaintiff's inability to sit, stand, and walk for long periods of time.  Doc. 23-1 at 4.  Additionally, Plaintiff alleges that the ALJ's RFC finding is inconsistent with the evidence of the record, as Plaintiff is unable to complete an eight-hour workday.  Doc. 23-1 at 4.

Defendant responds that because Plaintiff's subjective complaints of disabling impairments were not substantiated by the record, the ALJ properly determined that Plaintiff's impairments were not as disabling as alleged and did not prevent him from performing substantial gainful work activity.  Doc. 25 at 7.  Specifically, the ALJ found that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except no climbing ladders, ropes, and scaffolds and occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, or crawling.  Doc. 25 at 7.  Defendant maintains that substantial evidence

supports the ALJ's finding.  Doc. 25 at 7.

The RFC is an assessment, based on all of the relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite his impairments.  20 C.F.R. §§ 404.1545(a), 416.945(a); Myers v. Apfel, 238 F.3d 617, 620 (5th Cir. 2001).  The RFC refers to the most that a claimant can do despite his physical and mental limitations.  20 C.F.R. §§ 404.1545(a), 416.945(a).  The RFC is considered by the ALJ, along with the claimant's age, education and work experience, in determining whether the claimant can work.  20 C.F.R. § 404.1520(f).  The ALJ is permitted to draw reasonable inferences from the evidence in making its decision, but is not required to incorporate limitations in the RFC that are not supported in the record.  See Morris v. Bowen, 864 F.2d 333, 336 (5th Cir. 1988) (holding that the ALJ could rely on portions of a vocational expert's answer without endorsing all of the expert's conclusions).  In assessing RFC, the ALJ must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe.  SSR 96-8p; 20 C.F.R. §§ 404.1523, 416.923.

Appellate review of the Secretary's denial of disability benefits is limited to determining whether the decision is supported by substantial evidence.  Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990).  In applying the "substantial evidence" standard, the Court "may not reweigh the evidence in the record, nor try the issues de novo…."  Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988).

Here, Plaintiff testified to impairments related to his upper neck, upper back, ulnar nerve, right arm, both knees, and both feet.  Doc. 14-3 at 53.  He reported that he was unable to stand very long due to swelling and pain in his knees, was unable to sit very long due to back and neck pain, and had experienced loss of strength in right arm due to ulnar nerve damage.  Doc. 14-7 at

5.  The ALJ determined that the evidence did not support Plaintiff's allegations that his underlying impairments were disabling and precluded all work activity.  Doc. 14-3 at 22.  The ALJ found that Plaintiff's reports were only partially credible in light of his own description of his activities and life style, the degree of medical treatment required, the medical history, the findings made on examination, and the discrepancies between his assertions and the information contained in the reports of the treating and examining practitioners.  Doc. 14-3 at 21.

A review of the evidence supports the ALJ's finding.  The record did not show that Plaintiff's pain was disabling.  For example, during an examination on January 3, 2013, Plaintiff rated pain at a 4 out of 10, and then said 2 to 6 out of 10 usually – in other words, mild to moderate pain.  Doc. 14-3 at 21; Doc. 14-9 at 105.  He stated that he was doing fairly well and was tolerating medications well.  Doc. 14-3 at 21; Doc. 14-9 at 105.  Also, upon physical examination, Plaintiff had normal gait, the ability to walk on toes and heels, full strength throughout lower and upper extremities, and lumbar range of motion impaired at the end of ranges.  Doc. 14-9 at 107.  On April 29, 2013, Plaintiff again stated that his pain levels remained in the lower levels of 2 to 6 out of 10 and he was tolerating medications well.  Doc. 14-3 at 21; Doc. 14-9 at 65.  Plaintiff takes medications to relieve his symptoms and the ALJ has concluded that the medications do not preclude Plaintiff from functioning at the level indicated and he would remain reasonably alert to perform required functions presented by his work setting.  Doc. 14-3 at 21, 58.

Additionally, Plaintiff testified that he was able to do laundry, dishes, yard work with a riding mower, little bit of driving – 2 to 3 times a month to his doctor appointments or if he has to drive somewhere -- attend church every Sunday, visit his mother, take care of self, and make sandwiches.  Doc. 14-3 at 50, 58-60.

6

Other medical evidence also supported the ALJ's RFC finding.  For example, Dr. Yvonne Post, D.O., state medical consultant, found that Plaintiff could occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk (with normal breaks) for a total of at least 2 hours in an 8-hour workday; sit (with normal breaks) for a total of about 6 hours in an 8-hour workday; and push and/or pull on an unlimited basis.  Doc. 14-9 at 20.  Dr. Post also opined that Plaintiff could never climb ladders, ropes, and scaffolds, but could occasionally stoop, kneel, crouch, crawl, climb ramps and stairs, and frequently balance himself.  Doc. 14-9 at 21.  Dr. Post did not note any manipulative, visual, communicative, or environmental limitations.  Doc. 14-9 at 21.

The ALJ also considered the Veteran's Administration (VA) rating and the evidence from the VA when noting that the VA rated Plaintiff at 50 to 100% (or, as he testified 70%).  Doc. 14-3 at 22.

Based on the ALJ's consideration of the medical, testimonial, and documentary evidence of record, the ALJ determined that Plaintiff had the RFC for a full range of sedentary work.  Doc. 14-3 at 19-23.  Most notably, Plaintiff's subjective complaints of debilitating plan and contention that he could not perform the sitting, standing, and walking requirements for sedentary work are inconsistent with the medical records generated by his treatment and care.  In applying the "substantial evidence" standard, we "may not reweigh the evidence in the record, nor try the issues *de novo*…."  *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir. 1988).  Accordingly, the Court finds that the ALJ's RFC determination is supported by substantial evidence.

B.   *Whether the Appeals Council Failed to Consider New and Material Evidence*

Plaintiff contends that the Appeals Council failed to consider and address Dr. Zhukovskiy's one-page opinion letter as the treating physician, even though his opinion was directly at odds with the ALJ's opinion.  Doc. 23-1 at 9.  Plaintiff maintains that remand is required for further consideration of Dr. Zhukovskiy's opinion.  Doc. 23-1 at 11.

Defendant responds that the Appeals Council had no duty to specifically discuss Dr. Zhukovskiy's opinion, and the district court cannot remand the case because Plaintiff has not established good cause for his failure to incorporate Dr. Zhukovskiy's opinion earlier in the proceedings.  Doc. 25 at 17-18.  Next, Defendant argues that the letter is not material because Dr. Zhukovskiy's opinion would not affect the outcome of the ALJ's findings and is conclusory.  Doc. 25 at 19.

Evidence submitted for the first time to the Appeals Council is considered part of the record upon which the Commissioner's final decision is based.  *Higginbotham v. Barnhart,* 405 F.3d 332, 337 (5th Cir. 2005).  "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir. 2000). Every medical opinion is evaluated regardless of its source, but the Commissioner generally gives greater weight to opinions from a treating physician.  20 C.F.R. § 404.1527(d).  In fact, when "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence," the Commissioner must give such an opinion controlling weight.  *Id.*  If the evidence supports a contrary conclusion, an opinion of any physician may be rejected.  *Newton,* 209 F.3d at 455.  A treating physician's opinion also may be given little or no weight when good cause exists, such as "where the treating

physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 455–56.

Based on its internal procedures, the Appeals Council need not provide a detailed discussion about all new evidence submitted to it. *Higginbotham,* 405 F.3d at 335 n. 1 (referring to a memorandum from the Commissioner's Executive Director of Appellate Operations dated July 1995). Nevertheless, where new medical opinion evidence is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination, several judges have found that the case should be remanded so that the Appeals Council fully can evaluate the treating source statement as required by law. *Stewart v. Astrue,* 2008 WL 4290917 *4 (N.D. Tex. 2008) (Kaplan, J.); *see also Jones v. Astrue,* 2008 WL 3004514 at *4–5 (S.D. Tex. 2008) (Stacy, J.) (remand required where the summary denial of a request for review provided no indication that the Appeals Council evaluated the treating source statement as required by SSR 96–5); *Green v. Astrue,* 2008 WL 3152990 at * 7–9 (N.D. Tex. 2008) (Lindsay, J.) (remand required where the summary denial of a request for review provided no indication that the Appeals Council evaluated the treating source statement pursuant to 20 C.F.R. § 404.1527); *Stevenson v. Astrue,* 2008 WL 1776504 at *3–4 (N.D. Tex. 2008) (Godbey, J.) (same); *cf.* SSR 96–5 (providing that adjudicators must weigh medical source statements and RFC assessments and "provide appropriate explanations for accepting or rejecting such opinions"). Moreover, 20 C.F.R. § 404.1527(f)(3) requires that, in reaching its decision, the Appeals Council must follow the same rules for considering medical opinion evidence as ALJs follow.

In the case at bar, Dr. Zhukovskiy's opinion letter conflicts with the ALJ's determination of Plaintiff's work abilities and concludes that Plaintiff suffers from cervical degenerative joint disease with radiculopathy, knee problems, right upper extremity problems due to chronic ulnar

neuropathy, medication side effects, and that he is both disabled and unemployable.  Doc. 14-9 at 141.  Nevertheless, the harmless error doctrine applies in Social Security disability cases, and procedural perfection is not required as long as the claimant's substantial rights have not been affected by an ALJ's error.  *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1998).

Here, Dr. Zhukovskiy's opinion letter did not reference any clinical observations, examination notes, test results, or any further evidence to support his conclusions.  Doc. 14-9 at 141.  Thus, in light of all the contrary record evidence from actual treating sources in this case, the Appeals Council had no duty to provide a detailed discussion about the opinion letter before rejecting its bare-boned conclusions.  Stated differently, Dr, Zhukocskiy's opinion letter does not constitute medical evidence that undermines the ALJ's disability determination.  Even if the Appeals Council erred in failing to discuss Dr. Zhukocskiy's opinion letter in detail, such failure was harmless error that did not prejudice Plaintiff since it is unlikely that the letter would have changed the ALJ's decision considering the record as a whole.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Summary Judgment*, Doc. 23, is **DENIED**, Defendant's *Motion for Summary Judgment*, Doc. 24, is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE